Commonwealth *v.* Hinson, Appellant.

Argued September 27, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*J. Graham Sale, Jr.*, Assistant Public Defender, with him *John J. Dean*, Assistant Public Defender, and *George H. Ross*, Public Defender, for appellant.

*Robert L. Campbell*, Assistant District Attorney, with him *Carol Mary Los*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, December 20, 1971:

William A. Hinson, III, here appeals from the judgment of sentence imposed in the trial court following his conviction by a jury of murder in the second degree. We affirm.

Appellant first complains that the "sheer length and technicality of the charge [to the jury] made it confusing." The record discloses that the complaint now made of the charge was not asserted in the trial

court, and, as we have repeatedly ruled, issues not raised below will not be considered on appeal. Cf. *Commonwealth v. Myers*, 439 Pa. 381, 266 A. 2d 756 (1970).

The only other assignment of error maintains the evidence was insufficient as a matter of law to establish beyond a reasonable doubt the existence of malice, a necessary element of murder in the second degree. We disagree.

From the Commonwealth's trial evidence, the jury was warranted in finding the following facts.

Hinson abused a lady patron in a beauty shop operated by his cousin, William Burke; an argument ensued between the two men during which Burke remarked that if appellant was not his cousin he would cut his throat; Samuel Mosley who was present as an onlooker uttered a disparging remark as to Hinson's conduct; the latter then left the establishment stating, "I'll be back"; about twenty minutes later after Burke locked up the beauty shop and he and Mosley repaired to the kitchen of the Burke residence on the second floor of the building, Hinson appeared and entered the kitchen with a shotgun and fired it twice without provocation in the direction of Mosley from a distance of about five feet away. Mosley died instantly from a shotgun wound of the groin.

Hinson testified at trial and denied he intentionally fired the gun at Mosley. He also said that at the time involved he was "high" and lacked a "sense of what he was doing" as the result of imbibing liquor and taking a quantity of pills. When asked why he returned to the Burke residence after the incident in the beauty parlor, he answered, "I just wanted to know was my life in danger or was I going to get hurt." Questioned why he carried the shotgun, he answered, "To protect myself."

Under the evidence, whether or not the shotgun was deliberately or accidentally discharged in Mosley's di-

rection was strictly a jury question. Accepting the fact that Hinson was intoxicated at the time of the shooting, this, in itself, would not exonerate him from guilt, nor would it reduce the degree of culpability from murder to manslaughter. *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968).

Judgment affirmed.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.