Commonwealth *v.* Owens, Appellant.

Argued November 10, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and BARBIERI, JJ.

*Edward J. Zetusky, Jr.,* for appellant.

*O. Warren Higgins,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 20, 1972:

Gerald Owens was convicted by a jury in Delaware County of murder in the second degree and conspiracy to commit murder. Following the denial of post-trial motions in arrest of the judgments or for a new trial, prison sentences were imposed on both convictions, the sentences to run concurrently. An appeal from the judgment of sentence imposed on the murder conviction was timely filed in this Court. An appeal from the sentence imposed on the conspiracy conviction filed in the Superior Court was subsequently certified here. The appeals were then consolidated for argument.

Two assignments of error are properly raised by these appeals and require discussion,[1] namely, was the trial evidence sufficient to warrant the conviction of second degree murder; and, was Owens denied due

---

[1] Three additional assignments of error were not raised in the court below and hence, may not be raised for the first time on appeal. *Commonwealth v. Hinson,* 445 Pa. 356, 284 A. 2d 720 (1971).

process of law because of ineffective trial counsel. We shall discuss each in turn.

It is fundamental that in evaluating the sufficiency of the evidence to support a criminal conviction the evidence must be read in a light most favorable to the Commonwealth, and the Commonwealth is entitled to the benefit of all inferences reasonably arising therefrom. *Commonwealth v. Miller*, 445 Pa. 282, 284 A. 2d 739 (1971). So read, the trial record supports the following facts.

Owens and three other men, Thomas McKnight, Joseph McKnight and Kenneth McIntyre, at the instance of Owens agreed to entice John G. Gentry to a wooded area in Concord Township, and there to beat him up for having physically abused Owens' sister. As Gentry approached the agreed upon location, one of the four jumped him from behind and a struggle ensued; when Gentry tried to flee from the scene the conspirators followed in pursuit and, after catching up with Gentry, McIntyre first hit him with his fists and Owens then handed McIntyre the barrel of a rifle and told him to "finish" Gentry off so he could not inform the police. McIntyre then hit Gentry several times on the head with the rifle barrel and, after the victim lay prostrate on the ground, Owens and his companions fled the scene. Gentry was subsequently found dead where the assault occurred. The cause of death was determined to be due to complications from injury to the head and skull caused by multiple blows with a blunt instrument.

That the evidence was ample to convict Owens of murder in the second degree is beyond question. The fact that Owens did not personally inflict the fatal blows does not, under the circumstances, exculpate him from guilt. Cf. *Commonwealth v. Doris*, 287 Pa. 547, 135 A. 313 (1926); *Commonwealth v. Murrano*, 276 Pa. 239, 120 A. 106 (1923); and, *Weston v. Commonwealth*, 111 Pa. 251, 2 A. 191 (1886). Nor does the fact that

the assailants initially intended to only beat Gentry up reduce the crime to something less than murder. Cf. *Commonwealth v. Dorazio,* 365 Pa. 291, 74 A. 2d 125 (1950); *Commonwealth v. Buzard,* 365 Pa. 511, 76 A. 2d 394 (1950); and, *Commonwealth v. Malone,* 354 Pa. 180, 47 A. 2d 445 (1946).

The claim that Owens suffered from ineffective trial counsel arises from the following facts.

Immediately after his arrest, Owens' family retained Richard C. Tinucci, Esq., to defend him. When the case was called for trial on March 24, 1969, Owens expressed to the trial judge dissatisfaction with his counsel because the latter had talked about pleading guilty to the charges. After some discussion of this problem, Owens told the court he wanted the trial to proceed and was willing to have Mr. Tinucci act as his counsel. The jury was then selected and sworn and the taking of testimony commenced. After the luncheon recess on March 25th, Owens again informed the court he was dissatisfied with his counsel because he repeated the suggestion of pleading guilty and requested that Mr. Tinucci be removed from the case and new counsel be appointed. The request was denied.

Later in the afternoon of the same day, Owens again informed the court that he did not want Mr. Tinucci as his counsel and at a conference which followed in chambers, Mr. Tinucci asked permission to withdraw. The request was refused. However, the trial judge phoned Edward J. Zatusky, Esq., and after informing him of the problem that had arisen, asked Mr. Zatusky to join Mr. Tinucci as trial counsel for Owens. At a conference in the judge's chambers, all parties involved agreed that the court appoint Mr. Zatusky as co-counsel. No request for a continuance was formally made, although Mr. Zatusky did say to the court he thought it would be reversible error to resume the trial without a continuance "of some sort." The

court informed him the trial would be postponed until the next morning.

Mr. Zatusky and Mr. Tinucci then proceeded to the latter's office and spent several hours reviewing the case. The next morning the trial judge called all parties involved into conference and was informed by Mr. Zatusky that he had worked on the case for many hours the night before. When Owens was asked if he was willing to proceed under the circumstances, he replied in the affirmative. The trial then resumed. In several instances during the remaining portion of the trial the trial judge again conferred privately with the parties involved and on each such occasion was advised by Owens that he was completely satisfied with the manner in which Mr. Zatusky was representing his interests.

Under the circumstances, no violation of due process occurred. It is noted that it has never been asserted here or below that Mr. Tinucci lacked competence or preparation to protect Owens' interests at trial. Owens' dissatisfaction with Mr. Tinucci was based entirely on the fact that this counsel had suggested pleading guilty to the charges.

Moreover, no continuance of the trial was ever requested because of the late entry of additional counsel. More importantly, after reading every word of the record and having experienced a reasonable opportunity of assessing Mr. Zatusky's talents and dedication at the time of oral argument on these appeals, we are completely persuaded that Owens did not suffer from ineffective trial counsel.

Judgments affirmed.

Former Mr. Chief Justice BELL and Mr. Justice POMEROY took no part in the consideration or decision of this case.

Former Mr. Justice BARBIERI took no part in the decision of this case.