Commonwealth *v.* Doberstein, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*A. Charles Peruto* and *Lorch, Ryan, Peruto & Vitullo,* for appellant.

*Arthur R. Makadon* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 27, 1973:

Defendant, a policeman, was convicted of forcible rape. On appeal he presses numerous assignments of error, only one of which requires extended discussion and none of which warrants reversal.

The principal assignment of error involves a police report on the background of the prosecuting witness. Early in the trial defendant became aware of the existence of this report, which was said to contain the statement that the prosecuting witness "has a reputation for not liking policemen." Deeming this statement relevant to the defense, defendant's counsel first requested the names of the policemen who made the investigation. Later he changed his request to the names of the persons who made the statement. After hearing arguments and examining the report, the court below denied the request but gave to defendant's counsel the names of three small communities in New Jersey where the investigation was conducted.

Defendant argues that the report that prosecutrix dislikes policemen goes to her motive in bringing the prosecution, and that not giving him the names of the persons so stating is withholding evidence favorable to the accused.

In *Lewis v. Lebanon Court of Common Pleas*, 436 Pa. 296, 301, 260 A.2d 184, 188 (1969), it was said: "A district attorney may not suppress evidence or secrete witnesses; indeed, such conduct may constitute a denial of due process under the United States Constitution." "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The prosecution's conduct must be considered in the light of the elements important to the

*Brady* case, to wit: (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence. *Moore v. Illinois,* 404 U.S. 812 (1972).

Considering all the circumstances of the case, we agree with the lower court that the evidence was not actually suppressed. The appellant knew what was in the report; he knew that it was a police report; and he was told the names of the communities where the police investigation was made. The appellant was represented by private counsel, indicating that he was not without resources, and had a week before the trial ended within which to make his own investigation. With the information given him, this officer should have been able to easily find the witnesses.

Nor do we believe that the evidence was material within the meaning of the constitutional prohibition. The motive of the prosecutor for instituting proceedings is not a relevant consideration at trial except as it bears on credibility. *Commonwealth v. Evans,* 190 Pa. Superior Ct. 179, 154 A.2d 57 (1959), *aff'd,* 399 Pa. 387, 160 A.2d 407, *cert. denied,* 364 U.S. 899 (1960), *reh. denied,* 364 U.S. 939 (1961). Thus, such evidence is not material in determining guilt or in mitigation of punishment. In fact, it is not admissible for those purposes, but only for the limited purpose of attacking credibility.

Absent a constitutional requirement that the evidence be made available to the appellant we hold that the matter was one for the exercise of judicial discretion. Questions involving pretrial discovery in criminal cases are held to be generally within the discretion of the trial judge in *Commonwealth v. Gockley,* 411 Pa. 437, 192 A.2d 693 (1963), and we find that ruling applicable to this request made during trial. See also the concurring opinion of Chief Justice JONES in *DiJoseph*

*Petition,* 394 Pa. 19, 145 A.2d 187 (1958). The lower court did not abuse its discretion.

All the other assignments of error raised by the appellant were either not raised below or were satisfactorily answered by the lower court. The points raised for the first time involve the trial judge's recapitulation of the prosecutrix's testimony in his charge and a ruling on the cross-examination of the appellant at trial. Neither objection involves fundamental error and we will not hear them for the first time on appeal. *Commonwealth v. Hinson,* 445 Pa. 356, 284 A.2d 720 (1971); *see Commonwealth v. Williams,* 432 Pa. 557, 248 A.2d 301 (1968).

Judgment affirmed.