**UNITED STATES of America ex rel. John OLIVER, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**No. 17924.**

United States Court of Appeals Third Circuit.

Argued Oct. 9, 1969.

Decided Oct. 24, 1969.

Benjamin Lerner, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for appellant.

James D. Crawford, Asst. Dist. Atty., Philadelphia, Pa. (Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, FORMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Presented here is a Sixth Amendment confrontation question which arose when a witness for the Commonwealth was not available to testify and the transcript of his testimony given at a previous judicial proceeding was read to the jury as evidence. After the jury found appellant guilty of rape and burglary, he unsuccessfully appealed his conviction to the Superior Court of Pennsylvania. A petition for habeas corpus in the district court followed. Before us is an appeal from a denial of the relief sought.

Appellant and a juvenile had been arrested on a charge of rape and burglary. A preminary hearing was held before a state judge at which time appellant was represented by counsel who participated fully in the proceedings. Thereafter, the court announced that it intended to conduct a juvenile court hearing as to the possible delinquency of the youthful

co-defendant. The following colloquy then occurred:

> [Appellant's counsel]: Your Honor, I think that since allegedly everything happened here involves these defendants, and is supposed to have happened at the same time, I think that in the interest of justice the defendant [Oliver] should be present at every moment of this proceeding.

> THE COURT: All right, as far as the preliminary hearing, he has been heard. However, if you want me to continue the evidence in this case so that it may be used in regards to John Oliver, and give you a chance to cross-examination, I will do so. I realize this is a serious charge and I will do so at your request.

> COUNSEL: I so request.

The juvenile co-defendant testified, with appellant's counsel participating in a cross-examination reflected by five pages of typescript. At appellant's subsequent trial the Commonwealth successfully requested leave to use the testimony of the juvenile adduced at the previous hearing. To justify the use of this prior testimony, the Commonwealth showed that the juvenile had escaped from confinement at a youth study center to which he had been sent after being adjudged a delinquent, and further demonstrated that in an effort to locate him, detectives questioned his mother and thirty to forty neighbors and examined lists of gas, electric and telephone users.

This court has previously held that the transcript of testimony of an unavailable witness received at a preliminary hearing where a defendant was afforded an opportunity for cross-examination may be used at the subsequent trial of that defendant provided appropriate and adequate measures have been taken to locate the missing witness. Government of Virgin Islands v. Aquino, 378 F.2d 540 (3 Cir.1967).

Appellant seeks to distinguish his case by asserting that the testimony was not adduced at a preliminary hearing but at a separate juvenile court proceeding. He also suggests that the rule should not be extended to circumstances where the missing witness was in fact a co-defendant in the preliminary proceedings.

■ We do not find distinctions in the case at bar to dictate a departure from the holding in *Aquino*. First, we are not convinced that the testimony was received at a separate proceeding, inasmuch as the trial judge said he was "continu[ing] the evidence in this case so that it may be used in regards to John Oliver [appellant]." The important consideration is neither the nomenclature to be affixed to the hearing nor the status of the witness,[1] but whether there was an adequate opportunity for the defendant to cross-examine the witness at a prior proceeding involving the defendant *qua* defendant. We find that such opportunity was afforded and that appellant's counsel fully and freely availed himself of it.

Appellant further argues that the Commonwealth's efforts to locate the missing witness did not satisfy the requirements set forth in Barber v. Page, *supra*. We disagree. The evidence clearly indicates that the Commonwealth made a good faith effort to obtain the witness' presence.

■ The judgment of the district court will be affirmed.

---

1. In Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), the unavailable witness was a co-defendant in the prior proceeding. Neither the opinion of the Supreme Court nor those of the Tenth Circuit, majority or dissent, 381 F.2d 479 (1966), attributed any significance to the co-defendant status of the unavailable witness.