Commonwealth *v.* Pierce, Appellant.

Argued November 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*David Kanner,* with him *Stephen L. Hymowitz,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

In 1968 appellant was indicted for murder, voluntary manslaughter and involuntary manslaughter. Appellant waived his right to a trial by jury, the murder

indictment was nolle prossed, and he was found guilty of voluntary manslaughter. Post-trial motions were filed and denied and appellant was sentenced to ten years probation. This appeal followed. We affirm.

The Commonwealth's theory of criminal responsibility is that appellant aided and abetted William "June" Smith in the killing of Anthony Rhodes, and therefore may be punished as if he were the principal offender.[1] See Act of June 24, 1939, P. L. 872, §1105, as amended, 18 P.S. §5105. Appellant's sole contention is that on the state of the facts of the instant case, he did not "aid and abet" Smith in the homicide.

At trial the Commonwealth's evidence consisted of a statement given to police by appellant[2] and the testimony of Nathaniel Matt, who was with Rhodes when the fatal shooting occurred; appellant testified in his own behalf. From this evidence the following facts appeared: On January 14, 1968, appellant and two friends, John Mizelle and William "June" Smith, were on their way to a dance when they decided to stop at a candy store for some food. As the trio was about to enter, they saw two members of the 32nd and Berks Street gang inside. The trio waited outside until the two members, Anthony Rhodes and Nathaniel Matt, came out of the store. Appellant then shouted "32nd and Berks," which statement, according to appellant, was an invitation to a "fair one," i.e., a fight. According to Matt, approximately four seconds after appellant's shout, Smith pulled out a revolver and began shooting. Rhodes attempted to knock the gun out of

---

[1] The Commonwealth does not urge that appellant and Smith were coconspirators. Cf. *Commonwealth v. Garrett*, 423 Pa. 8, 222 A. 2d 902 (1966).

[2] The statement was admitted into evidence on stipulation by defense counsel that appellant was warned of his rights under *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), and *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

Smith's hand with an umbrella. He was not successful and was shot to death. The participants then fled. Matt testified that appellant did not say or do anything after his initial shout. Appellant testified that although he knew Smith owned a gun, he did not know that Smith had the gun with him.

It is, of course, settled law that "mere presence" at a homicide does not constitute aiding and abetting. See, e.g., *Commonwealth v. Giovanetti*, 341 Pa. 345, 353, 19 A. 2d 119, 123 (1941); 1 Wharton, Criminal Law and Procedure §114, at 248 (Anderson 1957). On the other hand, "[g]uilt or innocence of the abettor . . . is not determined by the quantum of his advice or encouragement. If it is rendered to induce another to commit the crime and actually has this effect, no more is required." Perkins, Parties to Crime, 89 U. Pa. L. Rev. 581, 598 (1941) (citations omitted).

In the instant case the trier of fact could very well conclude beyond a reasonable doubt that appellant's shout of "32nd and Berks", in light of the surrounding circumstances, was rendered to induce Smith to commit the crime. Appellant may not, therefore, on the state of these facts, maintain that he was merely a spectator and not a participant in this crime.

The judgment of sentence of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia County is affirmed.