Commonwealth *v.* Beach, Appellant.

Argued May 3, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Carl M. Mazzocone*, with him *Frank Carano*, for appellant.

*Peter S. Greenberg*, Assistant District Attorney, *Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, December 20, 1971:

This case has been the subject of three jury trials; the first ended in a mistrial, the second resulted in a conviction of murder in the second degree which was subsequently overturned by this Court, *Commonwealth v. Beach*, 438 Pa. 37, 264 A. 2d 712 (1970), and the third trial culminated in another conviction of appellant of second degree murder. Post-trial motions were denied and this appeal was taken from the judgment of sentence of five to twenty years imprisonment.

The prosecution of appellant resulted from the fatal stabbing of one Clyde Griffin on November 20, 1965, following an argument in a small restaurant located in Philadelphia. The Commonwealth's evidence consisted primarily of the testimony of the proprietor of the restaurant, the proprietor's wife, and two customers, all of whom were present at the time of the incident.

Appellant makes several assignments of error, none of which we find meritorious.

First, it is contended that the trial judge erred in refusing to grant a mistrial upon the timely motion of defense counsel after the following question and answer in the course of cross-examination of a Commonwealth witness: "Q. Do you remember testifying in a trial against Mr. Beach on either February 25th or 26th of last year? A. Which one? The one in which he was convicted?"

Although the trial court denied the mistrial motion, it ordered the witness' response stricken from the record, and admonished the jury to disregard it. Appellant asserts, nevertheless, that this disclosure of his conviction in a previous trial, made in the presence of the jury, caused him such irreparable harm that it could not be cured by the court's admonition and that the refusal to grant a motion for mistrial was an abuse of discretion. We cannot agree. Viewing the record in its entirety, we are persuaded that the prompt and explicit statement by the trial judge to the jury minimized any prejudice which might otherwise have resulted. Moreover, we cannot ignore the fact that defense counsel used the notes of testimony from the prior trial of February, 1969, on numerous occasions throughout the later trial in attempts to impeach the credibility of Commonwealth witnesses. Certainly, the repeated use of this tactic by the defense could not have escaped the awareness of the jury; it could not help

but know that the defendant had undergone at least one prior trial, and the inference that there may have been a reversed conviction was there for any juror to draw. All the response complained of did was to make explicit that which was already implicit. Having chosen the trial tactic of attempted impeachment through the use of testimony at a prior trial, the defendant cannot be heard to complain if, through no fault of the prosecution, the jury learns of a prior conviction of defendant.

Appellant asserts, secondly, that undue prejudice resulted when the prosecutor attempted to ask the following question about a person with whom appellant had allegedly had an argument some time prior to the homicide: "Q. Can you tell the members of the jury whether or not Running Bear, an individual who was stabbed in the throat a week before. . . ." At this point the district attorney's question was interrupted by an objection and a motion to strike made by defense counsel, which the court sustained. It is contended that the jury could infer from this question that one week prior to the homicide in the case at bar, appellant has stabbed another person. The record, however, does not support this contention. The trial court's immediate order to strike and its directive to the jury to disregard the question sufficiently mitigated any possible adverse inference to appellant.

What we said in *Commonwealth v. Fugmann*, 330 Pa. 4, 18, 198 Atl. 99 (1938), is especially apposite with respect to both of the above assignments of error involving the refusal of the trial judge to declare a mistrial: "[t]here is seldom any criminal . . . trial of any magnitude or duration into the record of which some irrelevant, incompetent and immaterial testimony does not 'creep' and has been subsequently 'stricken out' and the jury instructed to 'disregard it'. To grant new

trials whenever such a thing occurred would mean an interminable and intolerable succession of new trials."

Appellant's next contention is that the court below erred in admitting into evidence the entire testimony given in a prior trial by one Cynthia Collins, an eye-witness to the crime who could not be located at the time of the present trial. The statute governing the admission of the testimony of a witness given at a prior trial reads in pertinent part: "Whenever any person has been examined as a witness . . . for the Commonwealth . . . in any criminal proceeding . . ., and the defendant has been present and has had an opportunity to . . . cross examine, if such witness afterwards . . . cannot be found, . . . notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue. . . ." Act of May 23, 1887, P. L. 158, §3, 19 P.S. §582. Defense counsel in the prior trial on the same criminal charge (who was also counsel at the present trial) had the opportunity to cross-examine Cynthia Collins extensively and did so; the transcribed notes of testimony of the cross-examination total over eighty pages. The only question is whether the trial judge abused his discretion in ruling that the Commonwealth had presented sufficient evidence to prove that Cynthia Collins could not be found. See *Commonwealth v. Miller*, 203 Pa. Superior Ct. 511, 201 A. 2d 256 (1964). We conclude not; the record indicates that the Commonwealth made a sufficiently extensive effort to locate the missing witness, without success. The trial judge acted quite properly in admitting her prior testimony.

The appellant's final arguments are that two errors were made in the trial court's charge to the jury. A thorough examination of the record reveals these allegations to be without merit, and they need not be discussed.

Judgment of sentence affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.