Commonwealth *v.* Faison, Appellant.

138

Submitted April 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Gilbert E. Toll,* for appellant.

*Steven H. Goldblatt* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, May 23, 1973:

In May of 1952, the appellant, Lamar Faison, was convicted by a jury of murder in the first degree. Post-trial motions were denied and a sentence of life imprisonment imposed. No appeal was taken. Subsequently, the appellant filed petitions for habeas corpus in the state and federal courts. These petitions were denied in 1967. Appellant then filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. 1180-1 et seq. On January 3, 1968, appellant was granted the right to file a direct appeal from his judgment and sentence. On March 25, 1970, appellant's judgment of sentence was affirmed in *Commonwealth v. Faison,* 437 Pa. 432, 264 A. 2d 394 (1970). Appellant then filed another petition for habeas corpus in the federal court. The federal court denied relief on all issues raised by the appellant except one. The federal court held that the appellant's alleged signed confession should not have been introduced at appellant's trial since a pretrial determination of the confession's voluntariness had not been made by a judge as required by *Jackson v. Denno,* 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774 (1964). In granting appellant relief, however, the federal court did not order a new trial, but only remanded for a suppression hearing in accordance with the requirements of *Jackson v. Denno, supra.* Such a hearing was held and the appellant's confession was held to be voluntary and thus properly admitted into evidence at appellant's original trial. This appeal is from that order.

At appellant's original trial, Detective Francis Kelly and Officer Joseph Rankin, appeared and testified as prosecution witnesses. Defense counsel had the opportunity to cross-examine both witnesses and in fact did cross-examine Kelly. Defense counsel waived the opportunity to cross-examine Rankin.

Kelly and Rankin were not present at the suppression hearing from which this appeal is taken. Kelly was deceased and Rankin was retired and living in New Jersey. The prosecution, however, was permitted to introduce into evidence the transcript of the testimony given by Kelly and Rankin during appellant's trial.

Kelly's testimony at the original trial, which was introduced at the suppression hearing, was limited to facts concerning the appellant's signed written confession and the circumstances concerning the obtaining of the confession. Kelly testified that the confession was obtained without any threats or other coercive circumstances. Rankin's testimony at the original trial, which was introduced at the suppression hearing, covered less than one page. It was only background testimony about appellant's arrest and did not concern the appellant's signed written confession or any of the circumstances surrounding the obtaining of the confession.

First, the appellant contends that the use of the prior notes of testimony was error because his interest in cross-examining the witnesses was different at the suppression hearing than it was at the trial and he was thus entitled to have a new confrontation with the witnesses at the suppression hearing.

We cannot agree with the appellant's argument. The only purpose of the suppression hearing granted to the appellant, was to determine the voluntariness of the appellant's confession and, thus, its admissibility during appellant's trial. The suppression hearing had no legal significance except as a subsidiary proceeding di-

rectly related to the main proceeding (the trial). A *Jackson v. Denno* hearing has no life or purpose except as a subsidiary proceeding legally relevant only to the trial of guilt or innocence. The voluntariness of the confession was involved in both proceedings. As to that issue, the appellant's interest during the suppression hearing was identical with the appellant's interest during the trial. The requirements of the Act of May 23, 1887, P. L. 158, §3, 19 P.S. 582, were therefore satisfied. See *Commonwealth v. Velasquez*, 449 Pa. 599, 296 A. 2d 768 (1972).

The appellant raises a second argument concerning the use of Officer Rankin's prior testimony. According to the appellant, the prosecution did not establish the unavailability of Rankin and, thus, should not have been permitted to use Rankin's prior testimony. We agree, but find the error was harmless. A defendant's right to confront witnesses guaranteed by the Sixth Amendment violated by the use of prior testimony unless the prosecution can establish that a good faith effort was made to secure the witnesses' attendance. *Barber v. Page*, 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968). *Barber* pointed out that the mere absence of a witness from the jurisdiction was not sufficient to justify the use of the witness' prior testimony. According to *Barber*, *supra*, "Whatever may have been the accuracy of that theory [absence from the jurisdiction] at one time, it is clear that at the present time increased cooperation between the States themselves and between the States and the Federal Government has largely deprived it of any continuing validity in the criminal law." Id. at 723, 20 L. Ed. 2d at 259, 88 S. Ct. at 1321. *Barber* cited *The Uniform Act to Secure the Attendance of Witnesses From Within or Without a State in Criminal Proceedings*, which enables the prosecution to secure the compulsory attendance of witnesses

located outside the state's jurisdiction. Both Pennsylvania and New Jersey, the state where Rankin resided, have adopted this Act. See Act of June 23, 1941, P. L. 147, §6, 19 P.S. 622.1 et seq. and N.J.S.A. 2A, 81-18 et seq.

In this case the prosecution failed to establish the unavailability of Rankin as required by *Barber, supra.* The prosecution in this case knew that Rankin, who was retired, resided in New Jersey and the address at which Rankin received his pension payments. No attempt was made to secure Rankin's compulsory attendance at the suppression hearing. The prosecution only established that efforts to contact Rankin by telephone were not successful. This does not meet the requirements of *Barber v. Page, supra,* and Rankin's prior testimony should not have been admitted.

The admission of Rankin's prior testimony, however, was harmless error. See *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967). Rankin was one of the officers who arrested the appellant in a restaurant after the appellant had told the owner that he had shot a man, in full anticipation that the police would be called. Rankin's testimony, which covered just slightly over one page of the original trial transcript, was limited to events *prior* to the arrival of the appellant at the police station. Rankin did not testify as to anything that happened *after* the appellant's arrival at the police station. The appellant's claim that his confession was not voluntary was based solely on alleged threats made by officers *after* appellant's arrival at the police station. Rankin's testimony was only background testimony and was not addressed to the coercion issue raised by the appellant. Under these circumstances, the admission of Rankin's prior testimony was harmless error.

Appellant also claims that the prosecution failed to sustain its burden of proof. In addition to the transcript of officer Kelly's testimony at the original trial, the evidence at the *Jackson v. Denno* hearing included the testimony of Officer Frank Morse who had been present when the appellant's signed written confession was obtained. Officer Morse testified in person and testified that the appellant's confession was obtained without threats. The record of the suppression hearing sustains the lower court's ruling that the appellant's confession was uncoerced and therefore admissible at appellant's trial.

The appellant also claims on this appeal that even if his confession was uncoerced, it should have been suppressed because appellant did not knowingly waive his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). This issue, however, was finally litigated during appellant's first appeal. *Commonwealth v. Faison*, 437 Pa. 432, 264 A. 2d 394 n. 14 (1970).

Judgment of sentence affirmed.

Mr. Justice NIX concurs in the result.