## Commonwealth *v.* Figueroa, Appellant.

Submitted April 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Louis M. Natali, Jr., Gerald A. Stein,* and *Needleman, Needleman, Tabb & Eisman, Ltd.,* for appellant.

*Benjamin H. Levintow* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1974:

Angel Figueroa was convicted of murder in the second degree after a trial before a judge sitting without a jury. A motion for a new trial was denied,[1] and a prison sentence of three to twenty years was imposed. Figueroa then filed this appeal.

Principally, Figueroa argues the Commonwealth's trial evidence was insufficient as a matter of law to establish his guilt of the crime of which he was convicted beyond a reasonable doubt.[2]

---

[1] A motion in arrest of judgment was not entered.

[2] Appellant advances another assignment of error; however, a review of the record shows this issue was not raised in the post trial motion, consequently, it was not properly preserved for appeal. See *Commonwealth v. Hill,* 453 Pa. 349, 310 A.2d 88 (1973); *Commonwealth v. Bittner,* 441 Pa. 216, 272 A.2d 484 (1971); *Commonwealth v. Myers,* 439 Pa. 381, 266 A.2d 756 (1970).

At trial, the Commonwealth's case against Figueroa rested entirely on the testimony of one Ramon Rasado, which may be summarized as follows:

Rasado, Francisco Lopez, and Antonia Vasquez were seated at a bar in Philadelphia when Lopez rose from his seat and informed his companions he was going to speak to a friend in the bar. Figueroa who was seated nearby rose to his feet and said, "That one that just stood up, now I'm going to slap him." Rasado immediately arose, confronted Figueroa and said, "If you are going to slap that guy you're gonna have to slap me too, because he is my friend." Figueroa retreated to the other end of the bar.

Several minutes later, Lopez rejoined his companions and sat on the seat at the bar he had previously occupied. Shortly thereafter, Figueroa approached Lopez, rapidly raised his arm in the air and in a downward movement brought his hand into contact with the front of Lopez's body near the belt line.[3] Lopez immediately fell to the floor and Figueroa departed from the bar through the front door.

Lopez was taken to a hospital and pronounced dead upon arrival. A post mortem examination established death was caused by a stab wound in the left side of the abdomen with incision of the colon and small intestine, and with transection of the aorta.

It is urged that the lack of any testimony showing Figueroa had a knife when he brought his hand into contact with Lopez's body, plus the conflict in the testimony of the eyewitness Rasado as to the point of contact with Lopez's body, renders the Commonwealth's evidence insufficient as a matter of law to establish guilt beyond a reasonable doubt. We disagree.

[3] On direct examination, Rasado fixed the point of contact by pointing to the left front side of his body. On cross-examination, he pointed to the right front side.

The Commonwealth is entitled to every inference reasonably arising from the evidence. *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972), and *Commonwealth v. Oates,* 448 Pa. 486, 295 A.2d 337 (1972). Moreover, the guilt of one accused of crime may be established beyond a reasonable doubt by circumstantial evidence alone. *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1972), and *Commonwealth v. Boden,* 399 Pa. 298, 159 A.2d 894 (1960). We are completely satisfied when the instant trial testimony is read in the most favorable light to the Commonwealth, it is adequate to establish Figueroa committed the stabbing here involved, and the trial court's finding of guilt of murder in the second degree was legally warranted.

Judgment affirmed.