Commonwealth *v.* Williams, Appellant.

Argued May 21, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Charles O. Barto, Jr.,* Assistant Public Defender, for appellant.

*Wallace B. Eldridge, III,* Assistant District Attorney, with him *Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, October 16, 1974:

Appellant, Bruce Allen Williams, was tried before a jury in the Court of Common Pleas of Dauphin County and convicted of murder in the first degree. Timely motions for new trial and in arrest of judgment were denied, and appellant was sentenced to life imprisonment. This appeal followed.

On February 16, 1972, Josephine Catherine Glace, a fifty-nine year old housewife, left her church in Harrisburg at approximately 8.30 p.m. in order to walk to her home, three blocks distant. When she failed to arrive, her family contacted the Harrisburg Police Department, whose officers found her approximately three hours later lying in a walkway, unclothed, unconscious and severely beaten about the head. Mrs. Glace died shortly thereafter in the hospital of severe head trauma induced by multiple skull and facial bone fractures. A post-mortem examination indicated the presence of sperm cells within her body, suggesting the occurrence of rape during the assault, and doctors opined that the wounds on her head were inflicted by a heavy blunt object.

During the process of investigation, the police discovered that Westley Smith was an eyewitness to the assault. Smith stated to the police that on the evening of February 16, he saw the appellant, with whom he was well-acquainted, repeatedly strike a woman, who matched the victim's description, over the head with a baseball bat in the alleyway in which she was later discovered. On the strength of this statement, the police obtained a search warrant for appellant's residence,

therein finding a baseball bat and a blue pea coat of the type which Smith had stated that appellant wore on the night of the attack. Bloodstains on the coat matched the victim's blood type but not that of either Smith or the appellant.

At trial following a grand jury indictment on a charge of murder, appellant chose not to testify but did introduce testimony of several members of his family that he had been at home on the night of the crime. The Commonwealth introduced in rebuttal the testimony of a police detective that prior to trial one of appellant's alibi witnesses had made an alibi statement inconsistent with that given in court. It also presented at trial the testimony of one who saw the appellant near the scene of the murder at the very time that appellant was reported to have been at home by his alibi witnesses.

On this appeal, appellant raises four allegations of error in the court below. Initially, he contends that the Commonwealth committed prejudicial error in displaying to the jury a baseball bat that had never been introduced into evidence. A review of the record reveals that appellant raised this objection only during post-trial motions and not during the trial itself. We have consistently held that no allegation of error will be considered by this Court unless it was properly raised by specific objection at the time of trial. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) ; *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). The absence of a timely exception or objection is therefore conclusive as a bar to appellant's allegation of error.

Appellant next contends that the evidence presented by the Commonwealth was insufficient to support the jury's finding of guilt of first-degree murder. It is axiomatic that since the appellant was convicted, we must review the evidence, together with all reasonable

inferences therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973); *Commonwealth v. Ponton,* 450 Pa. 40, 299 A.2d 634 (1972); *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1972); *Commonwealth v. Fennell,* 444 Pa. 1, 278 A.2d 884 (1971); *Commonwealth v. Rankin,* 441 Pa. 401, 272 A. 2d 886 (1971). Upon review of the record, we find that the evidence was sufficient to prove beyond a reasonable doubt that the appellant was guilty of murder in the first degree.

Clearly unmeritorious is appellant's further allegation that the trial court erred in overruling appellant's objection to the introduction into evidence by the Commonwealth of a blood sample of the appellant on the ground of failure to establish a proper chain of evidence with respect to its identity and source. Both the doctor who withdrew appellant's blood and forwarded it to the laboratory for analysis and the technician who received and analyzed the sample testified at trial as to the veracity of its identity.

Equally without merit is appellant's final allegation that the Commonwealth committed prejudicial error in failing to disclose the criminal record of one of its rebuttal witnesses. It is also axiomatic both that the Commonwealth has no affirmative duty to disclose the past criminal record of a witness whose testimony it offers and that the credibility of a witness is a subject properly to be examined during cross-examination. Having failed to sufficiently explore that record, appellant is bound by his earlier action.

Judgment affirmed.

Mr. Justice EAGEN, Mr. Justice O'BRIEN and Mr. Justice POMEROY concur in the result.