334 A.2d 599
**COMMONWEALTH of Pennsylvania**
v.
**Terrence TOWNES, Appellant.**
Supreme Court of Pennsylvania.
Argued Nov. 18, 1974.
Decided March 18, 1975.

710

Gilbert E. Toll, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Paul J. Sullivan, Asst. Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Asst. Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant was indicted for murder and firearms violation, tried without a jury, and found guilty of voluntary manslaughter. Post-trial motions were filed and denied, and sentence was imposed. This appeal followed in which appellant challenges the sufficiency of the evidence to support the verdict rendered. We affirm.

The appellant and three other youths accosted the victim and a friend as they were about to enter a home in Philadelphia. After words were exchanged, the appellant and the others left, only to return to the home five minutes later. Appellant confronted the victim at the

doorway. A scuffle ensued which eventually found the victim still inside the house with the appellant and two companions walking toward him. The victim charged the group and attempted to pull a knife, but was shot by one of appellant's companions. From that injury the victim died.

█ Since the appellant stands convicted, "we must review the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth." *Commonwealth v. Williams*, —— Pa. ——, 326 A.2d 300 (1974), and cases therein cited. Viewing the evidence of this case in this manner, we conclude that the trial judge could properly find the group returned to the house to assault the victim. Furthermore, the collusion evinced by the return to the house and the threatening approach by the group as a unit toward the victim made the illegal "act of one the act of all." *Commonwealth v. Rife*, 454 Pa. 506, 511, 312 A.2d 406, 409 (1973) quoting *Commonwealth v. Strantz*, 328 Pa. 33, 40, 195 A. 75, 79 (1937). Finally, since the appellant and his companions were clearly the aggressors, no valid claim of self-defense can be asserted. *Commonwealth v. Tiernan*, 455 Pa. 88, 314 A.2d 310 (1974). Beyond a reasonable doubt, the evidence was sufficient to support a conviction of at least voluntary manslaughter. *See*, e. g., *Commonwealth v. Owens*, 447 Pa. 294, 289 A.2d 721 (1972).

Judgment affirmed.