Commonwealth, Appellant, *v.* Baer.
Commonwealth, Appellant, *v.* Serafine.

Argued·April 24, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jerry B. Chariton,* Assistant District Attorney, with him *Charles D. Lemmond, Jr.,* First Assistant District Attorney, and *Blythe H. Evans, Jr.,* District Attorney, for Commonwealth, appellant.

*Perry J. Shertz,* with him *Mitchell Jenkins,* for appellees.

OPINION PER CURIAM, October 9, 1969:
The Order of the Superior Court is affirmed.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I am in complete agreement with the Court's disposition of these cases. It is appropriate, however, to observe that the scholarly opinion of Judge HOFFMAN, speaking for a majority of the Superior Court, see 209 Pa. Superior Ct. 349, 227 A. 2d 915 (1967), was written before the United States Supreme Court's decision in *Redrup v. New York,* 386 U.S. 767, 87 S. Ct. 1414 (1967), and before this Court's decision in *Commonwealth v. Dell Publications, Inc.,* 427 Pa. 189, 233 A. 2d 840 (1967), cert. denied, 390 U.S. 948, 88 S. Ct. 1038 (1968). Thus it should be pointed out that nothing in these two later cases casts any doubt on the Superior Court's determination in the instant cases. See *Commonwealth v. Dell Publications, Inc.,* 427 Pa. at 201, 233 A. 2d at 847.

In *Redrup,* supra, the Supreme Court noted: "In none of the cases was there a claim that the statute in question reflected a specific and limited state concern for juveniles. . . . In none was there any suggestion of an assault upon individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it. . . . And in none was there evidence of the sort of 'pandering' which the Court found significant in Ginzburg v. United States. . . ." 386 U.S. at 769, 87 S. Ct. at 1415. The same must be said of the cases now before us. See *Commonwealth v. Baer,* 209 Pa. Superior Ct. at 352, 356, 227 A. 2d at 917, 919 (as to "pandering" and juveniles).

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent, and would affirm the Judgments of Sentence of the Court of Quarter Sessions of Luzerne County. I believe that the books and publications possessed and sold by defendants were obscene and consequently they were properly convicted.

In *Memoirs v. Massachusetts,* 383 U.S. 413, the Court said (page 418) : "We defined obscenity in Roth in the following terms: '[W]hether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.' 354 U.S., at 489. Under this definition, as elaborated in subsequent cases, *three elements must coalesce*:* it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

This is one of the least clear, one of the least definite, and one of the most unwise standards ever established. Probably not more than one person in 500 knows what "prurient" means. Moreover, the Supreme Court has not defined whether "community standards" means "national," "state-wide"** or a more localized state region; and the Court's last test is so nebulous and highly controversial that very few persons, no matter how experienced, expert and sincere, agree on the question of whether "the material is utterly without redeeming social value." Cf. also, *Redrup v. New York,* 386 U.S. 767, 771; *Jacobellis v. Ohio,* 378 U.S. 184; *Kingsley International Pictures Corp. v. Regents of the University of the State of New York,* 360 U.S. 684; *Sunshine Book Co. v. Summerfield,* 355 U.S. 372; *Ginzburg v. United States,* 383 U.S. 463.

---

* Italics, mine.

** This is the most realistic and, I believe, the fairest. See *Jacobellis v. Ohio,* 378 U.S., supra, page 200 (minority Opinion of Mr. Chief Justice WARREN, joined by Mr. Justice CLARK) ; *In Re Giannini,* 69 Cal. 2d 563, 446 P. 2d 535, 72 Cal. Rept. 655.

It is undoubtedly very difficult to formulate a clearly understandable and wise test or standard of obscenity in matters pertaining to sex which differentiates the lewd and lustful (prurient) and the intentionally seductive and corruptive, from works and objects of art, literature (including all forms and kinds of news media and publications), science, and clothing (or lack of it), which now are or for countless years have been recognized as art and almost universally approved. Nevertheless, I hope that the Supreme Court (or a majority thereof) will, in the very near future, adopt a clearer, more definite, and more easily understandable and realistic standard or test for "obscenity" and for kindred words. See *Redrup v. New York,* 386 U.S., supra.