COMMONWEALTH *vs.* RICHARD LEROY DUARTE. December 31, 1974. The defendant was convicted by a jury of committing an unnatural and lascivious act with a child under sixteen (G. L. c. 272, § 35A), on testimony by the male victim, fourteen years of age, to the effect that he was forced at knifepoint to enter the defendant's car, to perform what the bill of exceptions describes only as "an unnatural act" on the defendant (both briefs identify the act as fellatio), and to submit to the defendant's performance of "the same act" on him. The judge's charge, as to which no exceptions were taken and no additional instructions were requested, did not define the words "unnatural and lascivious act," but rather told the jury that if they were to find that the acts described by the victim did in fact occur, such acts were "unnatural and lascivious." An exception was taken to the judge's denial of the defendant's motion for a directed verdict. 1. The defendant's argument concerning the judge's "failure to inform the jury of the sort of conduct encompassed by the terms 'unnatural and lascivious'" is not before us in the absence of an appropriate exception, *Commonwealth* v. *LaBella,* 364 Mass. 550, 552-553 (1974), and in any event could not be maintained for the reasons set forth in *Commonwealth* v. *Balthazar,* 366 Mass. 298, 303 (1974). 2. The defendant's contention that § 35A is void for vagueness was briefed before the decision of the Supreme Judicial Court in *Commonwealth* v. *Balthazar.* That case held G. L. c. 272, § 35, which makes it a crime to commit "any unnatural and lascivious act with another person," not to be unconstitutionally vague. It follows that the same is true of the words "unnatural and lascivious act" in § 35A. 3. The defendant's final contention is that § 35A is void for overbreadth in that it could not constitutionally be applied to, for example, the consensual acts of married minors. However, "The defendant may not properly rely on the possible unconstitutionality of . . . [§ 35A] as applied to others. *Commonwealth* v. *LaBella,* 364 Mass. 550, 553-554

(1974)." *Commonwealth* v. *Balthazar, supra,* at 302. We reject the defendant's argument that the acts prohibited by § 35A are a form of communication and expression protected by the First Amendment of the United States Constitution in such manner as to bring into play the expansive overbreadth doctrine associated with that amendment.

*Exceptions overruled.*

*Michael J. Ripps* for the defendant.
*Sandra Lee Hamlin,* Assistant District Attorney, for the Commonwealth.