## Commonwealth v. Israeloff

*William H. Platt, District Attorney,* for Commonwealth.

*Jeffery R. Dimmich, Wallace C. Worth, Jr., Harold N. Fitzkee, Jr., Richard J. Makoul, Anthony M. Muir, Assistant Public Defender,* and *Thomas A. Wallitsch, Public Defender,* for defendants.

WIEAND, *J.*, September 25, 1978—Does the masturbation of a naked man by a nude or semi-nude woman constitute "sexual activity"? Defendants have been convicted following trial by jury of prostitution and related offenses on evidence which clearly established that they had been involved in the operation of a massage parlor where male genitalia were "massaged" by nude or semi-nude women for a price. They have filed motions in arrest of judgment which assert that their conduct did not constitute "sexual activity as a business" within the proscription against prostitution contained in section 5902(a)(1) of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §5902.

The pertinent language of this section of the Crimes Code provides specifically that: "A person is guilty of prostitution; a misdemeanor of the third degree, if he or she: (1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business." Subsection (f) of section 5902 states that "sexual activity" shall include "homosexual and other deviate sexual relations." Defendants contend that this latter phrase was intended to be one of limitation, inserted to evidence a legislative intent to exclude other forms of sexual activity. We disagree.

If, as defendants contend, the absence of a specific reference to masturbation means that masturbation was not intended to be within the orbit of prohibited sexual activity, mustn't the same process of reasoning require that normal, heterosexual intercoourse also be excluded? Certainly the failure of the legislature to include sexual intercourse within the definition of "sexual activity" does not mean that intercourse for hire was not intended to

be within the proscription against prostitution. In the same manner, the absence of a specific reference to masturbation does not mean that it was intended to be excluded from the statutory proscription against "sexual activity as a business."

The Statutory Construction Act of November 25, 1970, P.L. 707, 1 Pa.C.S.A. §1903, directs that words be interpreted according to their common usage. See: Com. v. Skufca, 457 Pa. 124, 321 A. 2d 889 (1974); Com. v. Simione, 447 Pa. 473, 291 A. 2d 764 (1972); Treaster v. Union Township, 430 Pa. 223, 242 A. 2d 252 (1968). Similarly, the Crimes Code provides in section 105, 18 C.S.A. §105, for a rule of construction "according to the fair import" of the terms used. When the term "sexual activity" is interpreted according to its fair import, there can be no doubt that it includes the masturbation of a naked man by a nude or semi-nude woman.

Counsel conceded at argument that this is so firmly established and so well accepted that if the issue were randomly placed before one hundred persons an affirmative response would probably be unanimous. Each person asked would undoubtedly agree that manipulating the male sexual organs by a nude woman in order to achieve sexual arousement of the male is "sexual activity." This, we believe, is what it means to interpret a term according to its "fair import" or "common usage."

The same reasoning was followed in People v. Costello, 90 Misc. 2d 431, 433, 395 N.Y.S. 2d 139 (1977), where the court had before it the New York prostitution statute. Its provisions proscribed engaging "in sexual conduct with another person in return for a fee." The term "sexual conduct" was

not defined by statute. Nevertheless, the court upheld the statute in the face of a claim of vagueness, stating at page 141:

"A far more limited and logical definition can be obtained by following the dictates of section 5.00 of the Penal Law and construing the statute 'according to the fair import of [its] terms to promote justice and effect the objects of the law.' The term 'prostitution' itself has a commonly understood meaning, and the use of the term 'fee' in the statutory definition is the key to that meaning. *The legislature has enacted the section to prohibit commercial exploitation of sexual gratification. The methods of obtaining that gratification are as broad and varied as the term 'sexual conduct,' but the common understanding of the term 'prostitution' involves the areas of sexual intercourse, deviate sexual intercourse, and masturbation.* The many nonphysical facets of sexual conduct are defined and regulated by other statutes (e.g., obscenity and exposure of a female)." (Emphasis supplied.) See also: People v. Block, 71 Misc. 2d 714, 337 N.Y.S. 2d 153 (1972), a massage parlor case, where defendant was found guilty of promoting prostitution.

In the instant case, when the term "sexual activity" is examined consistently with the statutory provision's underlying purpose of prohibiting "commercial exploitation of sexual gratification," the conclusion is inescapable that masturbation as a business is within the proscription of section 5902 of the Crimes Code.

Defendants decry this "common sense" approach and argue that the legislature can affix to a term its own definition. Here, they argue, the history of the Crimes Code's passage compels a definition of

"sexual activity" which does not include masturbation. We find this argument unpersuasive.

Tentative drafts of the Model Penal Code contained an expansive definition of the term "sexual activity" which included "carnal knowledge, deviate sexual intercourse, and sexual contact, as these terms are defined in Sections 207.4(6), 207.5(6) and 207.6(4), or any lewd act as defined in Section 207.9, whether or not it is openly done as required in that Section." p. 169. In the final draft, however, this definition was altered as it now appears in the Pennsylvania Crimes Code. The drafters recited the rationale for the adoption of a less inclusive definition in the following comment:

"Subsection (1) has been revised to meet in part the views of those who are skeptical of the propriety or utility of using the criminal law to repress individual immorality. It no longer purports to reach every engagement in sexual activity for hire. Thus, the possibility of applying the Section to the private mistress whose lover contributes to her support is now excluded. But we adhere, in paragraph (a), to the position of the previous draft that professional prostitution is criminal even if carried on in private. Paragraph (b) adopts the idea that prostitution is also to be repressed when it manifests itself in public solicitation, which may be an annoyance to passersby and an outrage to the moral sensibilities of a large part of the public." Comment to section 251.2(1) of the Proposed Official Draft of the Model Penal Code, p. 236.

Admittedly, the definition of sexual activity appearing in the final draft is narrower than the definition appearing in earlier drafts. It may also be, as defendants contend, that the earlier definition of

sexual activity was so broad as to include such practices as voyeurism,[1] and that this was eliminated in the final draft. There is nothing in the language changes or in the comments of the drafters to suggest that masturbation as practiced by defendants in the instant case was not intended to be within the proscription against "sexual activity as a business."

In section 5903 of the Crimes Code, the legislature's attention was centered upon "sexual conduct" as it pertained to obscenity offenses. The term was there defined in careful terms which were expressly limited in their application to the offenses there included. The definition of sexual conduct there contained, therefore, is not controlling of the issue presently before the court. Nevertheless, in view of the great similarity between the terms "sexual conduct" and "sexual activity" it may not be amiss to observe that the legislature itself contemplated that masturbation was included within the fair import of the term "sexual conduct."

We conclude, therefore, that when the phrase "sexual activity as a business" is interpreted according to its fair import, it is clear that the legislature intended to proscribe the business of masturbating men by nude or semi-nude women.

Defendants next contend that the statute under which they were convicted is unconstitutionally vague. "A criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. Statutes which are so vague that they fail to provide such

---

1. Comment to section 207.12(6) of Tentative Draft No. 9 of Model Penal Code, p. 177.

notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Com. v. Heinbaugh, 467 Pa. 1, 5, 354 A. 2d 244, 246 (1976). The applicable standard, as set forth in Connally v. General Construction Company, 269 U.S. 385, 391, 70 L.Ed. 322, 328, 46 S.Ct. 126, 127 (1926), is whether the "terms [of the statute are] so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . ."

Contrary to defendants' suggestion, a statute which does not pose potential problems with respect to First Amendment rights must be analyzed under the specific facts of the case at hand. In such a case the statute cannot be assailed by the suggestion of hypothetical situations which present an unconstitutional application of the statute: United States v. Mazurie, 419 U.S. 544, 42 L.Ed. 2d 706, 95 S.Ct. 710 (1975); Com. v. Hughes, 468 Pa. 502, 364 A. 2d 306 (1976).

An examination of the statute being challenged in the instant case causes us to conclude that it does not fail for vagueness. In the mind of a man of "common intelligence" the term sexual activity clearly encompasses masturbation as a business. Indeed, as we have already observed, it is difficult to believe that any man of common intelligence would consider the massaging of the genitals of an unclothed man by a nude or partially nude female to be anything other than sexual activity.

In Rose v. Locke, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed. 2d 185 (1975), the Supreme Court of the United States considered whether the phrase "crimes against nature" appearing in a criminal statute was unconstitutionally vague. In upholding the statute the court wrote: "[T]his prohibition

against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for '[i]n most English words and phrases there lurk uncertainties.' Robinson v. United States, 324 U.S. 282, 286, 65 S.Ct. 666, 89 L.Ed. 944 (1945)."

When the language challenged in this case is compared with statutes challenged for unconstitutional vagueness in other jurisdictions and upheld it is apparent that section 5902 of the Crimes Code is not fatally defective. Compare: People v. Costello, 395 N.Y.S. 2d 139 (1977) ["sexual conduct"]; Thomas v. State, 326 So. 2d 413 (Fla. 1975) ["unnatural and lascivious"]; Com. v. Duarte, 320 N.E. 2d 834 (Mass. 1974) ["unnatural and lascivious"]; State v. Pagel, 518 P. 2d 1037 (Ore. 1974) ["sexual conduct"].

Finally, this conclusion is supported by the presumption of constitutionality set forth in the Statutory Construction Act of December 6, 1972, P.L. 1339, sec. 3, 1 Pa.C.S.A. §1922(3), and case law; Glancey v. Casey, 447 Pa. 77, 288 A. 2d 812 (1972); Com. v. Bryant, 239 Pa. Superior Ct. 43, 361 A. 2d 350 (1976).

Defendants next argue that the trial judge committed error by giving the following instruction to the jury:

"The term 'sexual activity' is not specifically defined in the Crimes Code. It simply says that it shall include homosexuality and other deviate sexual relations.

"Under the law and applying a common sense definition of the phrase 'sexual activity', it would include the business of manipulating or massaging

the sexual organs of a person for the purpose of stimulating such organs or causing a sexual arousement. This, of course, would include the masturbating of persons as a business."

We have already observed (1) that the term "sexual activity" must be given a common sense definition, and (2) that this compels the conclusion that the legislature intended to include masturbation of men by nude or semi-nude women within the prohibition of the prostitution statute. The definition of "sexual activity" was a question of law for the court and was not for speculation by the jury. Compare: Com. v. Baer, 209 Pa. Superior Ct. 349, 227 A. 2d 915 (1967), aff'd 436 Pa. 18, 257 A. 2d 254 (1969). Accordingly, there was no error in an instruction that masturbation constituted sexual activity.

Defendants next argue that the evidence was insufficient to sustain convictions of prostitution because there was no evidence that Commonwealth witnesses had achieved orgasm. They also contend that the trial judge committed error when he instructed the jury that masturbation was "erotic stimulation involving the genital organs, commonly but not necessarily resulting in orgasm, and achieved by manual or other bodily conduct exclusive of sexual intercourse."

Neither section 5902 of the Crimes Code nor the relevant case law suggests that either an erection or orgasm is an essential element of the crime of prostitution: Com. v. David, 209 Pa. Superior Ct. 169, 225 A. 2d 255 (1967); Com. v. Lewis, 35 Lehigh 175 (1972); State v. Lewis, 343 So. 2d 1056 (La. 1977). More specifically, there is nothing inherent in the term sexual activity or masturbation which dictates that such conduct must result in an

erection or orgasm in every instance. Additionally, we have reviewed various definitions of "masturbation" and are satisfied that orgasm is not an absolutely essential ingredient.[2] The trial court's instruction, therefore, was accurate and presented to the jury adequately and clearly the issues for the jury to decide. This was all that was required: Com. v. Lesher, 473 Pa. 141, 373 A. 2d 1088 (1977); Com. v. Reston, 224 Pa. Superior Ct. 80, 302 A. 2d 428 (1973).

We have reviewed the record in this case and are satisfied that the jury's verdicts are amply supported by the evidence.[3] This evidence indicated that in the spring of 1977 Steve Israeloff began interviewing prospective employes for the Majestic Spa, Inc.[4] Three women who had been interviewed testified that Israeloff told them their duties would include massaging totally naked males including the genital area.

-------

2. See Webster's Third New International Dictionary (1968), where masturbation is defined as follows: "[E]rotic stimulation involving the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse . . ."

3. Sally J. Proctor was convicted of prostitution and conspiracy to commit prostitution; Melanie E. Pegan was convicted of prostitution and conspiracy to commit prostitution; Bethany Gould was convicted of promoting prostitution, conspiracy to promote prostitution and conspiracy to commit prostitution; Dennis Lichtenwalner was convicted of promoting prostitution; and Steve Israeloff was convicted of promoting prostitution, conspiracy to promote prostitution and conspiracy to commit prostitution.

4. It was stipulated between the Commonwealth and defendants that Israeloff was president of Majestic Spa, Inc.

When the Majestic Spa began operations in June, 1977, three members of the Allentown Police Department visited this establishment undercover. They made a total of six visits to the spa. On each occasion either Lichtenwalner or Gould was serving as manager. On four of these occasions the genitals of the officer were massaged during the course of a body massage or a bath,[5] for which the officer paid a stipulated price. When the evidence and all the reasonable inferences therefrom are considered in the light most favorable to the Commonwealth the jury had sufficient evidence upon which to base its verdicts: Com. v. Wiggins, 472 Pa. 95, 371 A. 2d 207 (1977); Com. v. Green, 464 Pa. 557, 347 A. 2d 682 (1975); Com. v. Carbonetto, 455 Pa. 93, 314 A. 2d 304 (1974).

Defendants' last contention is that the trial judge erred in denying defendants' pre-trial motions for severances. A request for severance is addressed to the discretion of the trial court and will be overturned upon review only for manifest abuse of discretion or prejudice and clear injustice to the defendant: Com. v. Peterson, 453 Pa. 187, 307 A. 2d 264 (1973); Com. v. Brown, 227 Pa. Superior Ct. 410, 323 A. 2d 223 (1974). The test of whether the denial of a severance is proper in a particular case

5. On June 10, 1977, Officer Bryce Mayes paid $60 for a body massage, which was administered by Pegan while she was nude. During this massage Pegan massaged his genitals. On June 7, 1977, Officer Frank Papovich paid for a nude massage from Pegan during which his genitals were massaged. Papovich returned on June 14, 1977, and received a bath from Proctor during which his genitals were massaged. Officer Harold Boyer received a massage from Proctor on June 8, 1977, during which his genitals were massaged.

involves two questions: (1) Are the facts and elements of the crimes charged easily separable in the minds of a jury? and (2) Are the crimes charged such that the fact of the commission of each crime would be admissible as evidence in a separate trial of the other? Com. v. Rhodes, 250 Pa. Superior Ct. 210, 378 A. 2d 901 (1977); Com. v. Jones, 242 Pa. Superior Ct. 303, 363 A. 2d 1281 (1976).

In the instant case, all charges arose from the ongoing operation of a massage parlor. Evidence of all transactions were admissible for the purpose of describing the scheme, the plan, the nature and scope of the services performed by this massage parlor. It was in this way that the Commonwealth proved not an isolated act but an ongoing, continuous business of masturbating customers. Each single act was committed in furtherance of such business and was admissible upon the trial for each act. See: Com. v. Roux, 465 Pa. 482, 350 A. 2d 867 (1976); Com. v. Bryant, 461 Pa. 309, 336 A. 2d 300 (1975); Com. v. Wilson, 449 Pa. 235, 296 A. 2d 719 (1972). It is clear, therefore, that there was no abuse of discretion.

In conclusion we observe that the principal issue in this criminal action from the outset has been a legal one. There is little, if any, dispute about the facts. The trial judge held that the masturbation of naked men by nude or semi-nude women who, for a price determined by their state of dress or undress, massaged the male genitals were engaged in "sexual activity as a business." Inasmuch as this undisputedly was the business in which defendants were engaged, they were in violation of the proscription against prostitution contained in section 5902 of the Crimes Code. We agree with the trial

court's interpretation of the statutory provision and, therefore, uphold the convictions.

## ORDER

Now, September 25, 1978, for reasons appearing in an accompanying opinion, it is ordered that defendants' motions in arrest of judgment and for new trial be and the same are hereby denied, and said defendants are directed to appear for sentencing in Courtroom No. 2 on October 9, 1978, at 9:30 a.m.