**COMMONWEALTH of Pennsylvania, Appellee**

v.

**John LEBO, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 9, 2001.

Filed March 20, 2002.

---

William J. Fulton, Harrisburg, for appellant.

Daniel W. Stern, Asst. Dist. Atty., New Bloomfield, for Com., appellee.

BEFORE: DEL SOLE, P.J., ORIE MELVIN and KELLY, JJ.

DEL SOLE, P.J.:

¶ 1 Following a jury trial, Appellant John Lebo was convicted of two counts of corruption of minors,[1] three counts of sexual abuse of children,[2] and six counts of obscene and other sexual materials and performances.[3] For the reasons below, we vacate the judgment of sentence and remand.

¶ 2 Appellant operated a commercial photography studio in Duncannon, Perry County. As part of his business, he employed young women as models. He hoped to sell the photographs for use in calendars and magazines. Those photographs depicted the young women posed in clothing, lingerie, partially nude and fully nude.

¶ 3 In early 1999, the Duncannon police department learned that several of Appellant's models may have been under the age of eighteen. A search warrant was issued, and a subsequent search for and seizure of photographs of models followed. The police seized dozens of photographs and Appellant's photography equipment. However, since they were unable to determine if any of the models were underage, the police returned the photographs and equipment to Appellant.[4]

¶ 4 On April 1, 2000, the Duncannon police department received a complaint from a young woman named T.I. who stated that her vehicle had been broken into and items were stolen. The police took T.I. to the police station to obtain information regarding the theft. At the station, she informed the police that she had been modeling at Appellant's studio and that she was photographed in the nude. T.I. also informed the police that she was seventeen years of age. With this information, the police obtained a second search warrant for Appellant's studio. They seized a large number of photographs of T.I. and other models. The police learned the identities and ages of two other underage models, J.R., age seventeen, and J.S., age sixteen.

¶ 5 Appellant was charged with 145 counts involving sexual abuse of children, corruption of minors, and possession and production of obscene and other sexual materials and performances, including employment of minors. These counts were later consolidated into fifteen counts, five counts per victim. The counts per victim were sexual abuse of children, corruption of minor, obscene or sexual materials—making material, obscene or sexual materi-

---

1. 18 Pa.C.S.A. § 6301(a).

2. 18 Pa.C.S.A. § 6312(b).

3. 18 Pa.C.S.A. §§ 5903(a)(3), (a)(5) and (a)(6).

4. During the search, the police found cocaine residue in a woman's makeup case, and Appellant was charged with unlawful possession of a controlled substance and related offenses. Following a bench trial on March 24, 1999, Appellant was acquitted of those charges.

als—performance, and obscene or sexual materials—hire children.

¶ 6 The jury returned a verdict of not guilty to the corruption of minor charge regarding T.I. and was hung as to the three obscenity counts regarding J.S. The jury found Appellant guilty of the remaining eleven counts. On November 16, 2000, the trial court sentenced Appellant to serve not less than one year less one day to not more than two years less one day in county prison plus fines and costs. This timely appeal followed.

¶ 7 On appeal, Appellant raises the following issues:

1. Whether the trial court erred in concluding that a key Commonwealth witness was unavailable and in permitting the introduction into evidence of her preliminary hearing testimony where the Commonwealth did not demonstrate a good faith effort to locate and produce the witness and where the preliminary hearing did not provide an adequate opportunity for full and fair cross examination?

2. Whether the trial court erred in overruling a motion for judgment of acquittal in regard to whether photographs simply depicting the nude female form contravened the obscenity laws?

3. Whether the trial court erred in refusing to instruct the jury on the defense of entrapment where the police had previously seized and then returned to the appellant photographs of substantially similar character and content?

4. Whether the trial court erred in refusing to instruct the jury in accord with Pennsylvania Suggested Standard Jury Instructions concerning Sexual Exploitation of Minors, which require consideration of a mens rea element concerning the age of the individuals photographed?

Appellant's Brief at 4.

¶ 8 Appellant first argues that the trial court erred in finding T.I. was unavailable to testify at trial. This finding was a necessary prerequisite to the introduction of T.I.'s preliminary hearing testimony.

¶ 9 Pursuant to 42 Pa.C.S.A. § 5917:

Whenever any person has been examined as a witness, either for the Commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such witness ... is out of the jurisdiction so that he cannot be effectively served with a subpoena ... notes of his examination shall be competent evidence upon subsequent trial of the same criminal issue.[5]

¶ 10 According to Appellant, the Commonwealth did not make a good faith effort to locate T.I. It is within the discretion of the trial court to determine what constitutes a good faith effort to locate a missing witness, and the decision of the court will not be overturned absent an abuse of discretion. *See, e.g., Commonwealth v. Wayne*, 553 Pa. 614, 720 A.2d 456 (1998); *Commonwealth v. Jackson*, 463 Pa. 301, 344 A.2d 842 (1975). Here, the trial court found that the Commonwealth had made a good faith effort based on the Commonwealth's assertion that T.I. was in basic training. We disagree. On the day of trial, the Commonwealth stated that it had learned, two days before, that T.I. was in boot camp, presumably in South Car-

5. Section 5917 codifies, in the criminal context, the former testimony exception to the hearsay rule. *See* Pa.R.E. 804.1.

olina, and an officer learned that she would not be available for trial because she had two more weeks of training. The Commonwealth did not offer any information regarding whether it had subpoenaed T.I. Without more, we cannot conclude that the Commonwealth made a good faith effort to locate T.I. and have her present for trial. *Compare Commonwealth v. Faison,* 452 Pa. 137, 305 A.2d 44 (1973) (the prosecution failed to establish the unavailability of a witness by showing a good faith effort when it knew where the witness resided and made no attempt to secure compulsory attendance at the hearing and the only efforts were unsuccessful phone calls) with *Commonwealth v. Douglas,* 558 Pa. 412, 737 A.2d 1188 (1999) (the Commonwealth had made a good faith effort based on the testimony of several police officers who testified to various measures they undertook to find the witness, including repeatedly searching at his apartment, at his mother's apartment, at a number of bars he was known to frequent, at his girlfriend's house, and elsewhere; also contacted his mother, his sister, his girlfriend, his neighbors, the security officers at the housing project, and others in an effort to find him) and *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975) (the Commonwealth had made a good faith effort based upon notice to the witness that she would be subpoenaed, attempting to serve a subpoena at her address and her mother's, issuance of a bench warrant and search of mother's home).

¶ 11 Accordingly, we conclude that the trial court erred in finding that the Commonwealth made a good faith effort to

locate T.I. and a new trial must be granted. Since we find below that the evidence was legally insufficient to establish the obscenity convictions and the jury has already acquitted Appellant of the charge of corrupting the morals of T.I., only the conviction for sexual abuse of minors relative to T.I. remains to be retried.[6]

¶ 12 Appellant next contends that the trial court erred in not granting his motion for judgment of acquittal on the obscenity charges as the photographs in question were not, as a matter of law, obscene.[7] Because the question of obscenity raises constitutional implications, both the trial court and the appellate court must make "an independent constitutional judgment on the facts of the case as to whether the material involved is constitutionally protected." *Duggan v. Guild Theatre, Inc.,* 436 Pa. 191, 258 A.2d 858, 861 (1969) (quoting *Jacobellis v. Ohio,* 378 U.S. 184, 190, 84 S.Ct. 1676, 1679, 12 L.Ed.2d 793 (1964)). As this Court stated in *Commonwealth v. Baer,* 209 Pa.Super. 349, 227 A.2d 915 (1967), *affirmed* 436 Pa. 18, 257 A.2d 254 (1969), we are not bound by the jury's finding of obscenity because "the question [of] whether a particular work is obscene necessarily entails a subtle issue of constitutional law." *Baer,* 227 A.2d at 917. Thus, we find merit in Appellant's complaint that the trial court erred by refusing to look at all of the photographs and make such a determination in the first instance before submitting the question to the jury.

¶ 13 The statutes in question, in accordance with established constitutional case law, define obscenity as follows:

---

6. Appellant contends that the trial court error in admitting T.I's testimony cannot be held harmless with respect to the other convictions regarding the other two victims. We have reviewed the preliminary hearing testimony and have found that it only related to charges against Appellant involving T.I. For that rea-

son, we will not disturb the remaining convictions involving the other two victims on this basis.

7. This issue is raised only as to the convictions for violating the obscenity statute, 18 Pa.C.S.A. § 5903.

"Obscene." Any material or performance, if:

(1) the average person applying contemporary community standards would find that the subject matter taken as a whole appeals to the prurient interest;

(2) the subject matter depicts or describes in a patently offensive way, sexual conduct of a type described in this section; and

(3) the subject matter, taken as a whole, lacks serious literary, artistic, political, educational or scientific value.

\* \* \*

"Sexual conduct." Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, anal or oral sodomy and sexual bestiality; and patently offensive representations or descriptions of masturbation, excretory functions, sadomasochistic abuse and lewd exhibition of the genitals.

18 Pa.C.S.A. § 5903(b).

¶ 14 The several hundred photographs admitted into evidence can be divided into three categories: those where the model is clothed; those where the model is partially clothed, usually with the breasts exposed; and those where the model is completely nude. Nearly all of the photographs fall into one of the first two categories. Only a few depict an entirely nude model.

■ ¶ 15 It is well-established that mere nudity is not obscenity. *Osborne v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990); *Manual Enterprises, Inc. v. Day,* 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962); *Commonwealth v. Baer,* 209 Pa.Super. 349, 227 A.2d 915 (1967). *See also State v. Martin,* 3 Conn.

Cir.Ct. 309, 213 A.2d 459 (1965) and *People v. Biocic,* 80 Ill.App.2d 65, 224 N.E.2d 572 (1st Dist.1967) (both cases involving nudist magazines which were held not obscene because they portrayed "mere nudity"). In order to fit into the definition of obscenity, there must be something more, namely, "sexual conduct" as defined above.

■ ¶ 16 Clearly, none of the photographs in question fit that definition. There is no depiction of ultimate sexual acts or representations of masturbation, excretory functions or sadomasochistic abuse. None of the photographs depict "lewd exhibition of the genitals." In fact, the few nude photographs are simply standing nudes. The models are not posed in overtly sexual or lewd poses, their legs are together, and their genitals are not visible. *See Commonwealth v. DeWalt,* 752 A.2d 915 (Pa.Super.2000) ("genitals" defined as vagina, labia or vulva, which are not visible when a woman is standing with her feet together).

¶ 17 Since none of the photographs in question fit the definition of obscenity as contained in the statute, we conclude that the trial court erred in not granting a motion for judgment of acquittal on the obscenity charges. We therefore reverse the convictions of obscene and other sexual materials and performances, 18 Pa.C.S.A. §§ 5903(a)(3), (a)(5) and (a)(6).

¶ 18 Appellant next argues that the trial court erred because it refused to give an entrapment instruction to the jury. He asserts that the Duncannon police entrapped him because they had seized from him similar photographs in the past and returned the photographs to him without charging him with obscenity or other related offenses.[8]

¶ 19 Entrapment is defined as:

---

**8.** Since we have found that the obscenity convictions cannot stand, we review this claim only as it relates to the remaining convictions.

(A) GENERAL RULE.—A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

   (1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

   (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

(B) BURDEN OF PROOF.—Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment.

18 Pa.C.S.A. § 313.

¶ 20 The entrapment statute places the burden of proof on the defendant and applies an objective test with regard to police conduct. *Commonwealth v. Mance*, 422 Pa.Super. 584, 619 A.2d 1378, 1380 (1993). Once a defendant has properly established the defense of entrapment, "the trial court should determine the question as a matter of law wherever there is no dispute as to the operative facts relating to the defense." *Id.* at 1380. Whether an entrapment has occurred is normally a question for the jury unless the evidence points to only one possible conclusion; in that case, it may be decided as a matter of law. *Id.* at 1380.

¶ 21 After reviewing Appellant's argument, we conclude that it is without merit. He argues that because the police returned to him previously seized photographs similar to those of T.I., J.S. and J.R. in that they depicted young women in the nude, he was entrapped when he was arrested nearly one year later for having photographs similar to the ones previously returned to him.

¶ 22 This argument fails. The police did not make any knowing false representations when they returned the photographs in 1999. The police returned the photographs because they were unable to ascertain whether any of the women depicted in the photographs were underage. By returning the photographs for lack of evidence to prosecute, the police did not represent that photographing underage models was not prohibited nor did they persuade Appellant to commit such an offense. Accordingly, we find that the trial court did not err in refusing to give the jury the instruction on entrapment.

¶ 23 Appellant's final assertion is that the trial court erred in failing to give the suggested standard jury instruction regarding the scienter element for the charge of sexual abuse of children. Appellant argues that the trial court should have stated in its instructions that, while it is not a defense that the defendant did not know the age of the young women or that they lied about their ages or that the defendant honestly but unreasonably believed that they were 18 or older, it is a defense if the defendant reasonably believed they were 18 or older. The instruction which the trial court gave was as follows:

   Under this subsection, and only this subsection, it is no defense that the defendant did not know the age of the child. Neither a misrepresentation of age by the child nor a bona fide belief that the person is over the specified age shall be a defense.

   Now, that's a little different when it comes to what the legislature has said,

this aspect of the Public Welfare Statute concerning the age of the child.

To use a child under these circumstances, you do so at your risk. It is *your responsibility to make certain that that child is not a child, which means— when's a child not a child, when that person becomes 18.*

R.R. at 49.

¶ 24 Appellant was convicted of sexual abuse of children by photographing a child under the age of eighteen in prohibited sexual acts, which is a violation of 18 Pa.C.S.A. § 6312(b). The statute specifically states that, with regard to subsection (b), mistake as to the age of the child is no defense. 18 Pa.C.S.A. § 6312(e.1). Since the trial court properly instructed the jury in accordance with the statute, this claim is without merit.

¶ 25 Since the trial court imposed one sentence on all the offenses, we vacate the judgment of sentence and remand (1) for a new trial on the sexual abuse of children charge relating to T.I. and (2) for resentencing on the remaining convictions of corruption of minors and sexual abuse of children.

¶ 26 Judgment of sentence vacated. Case remanded with directions. Jurisdiction relinquished.

ORIE MELVIN, J. concurs in the result.